KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7084
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2984-BTM |
| | ) | |
| Plaintiff, | ) | Date:   December 14, 2007 |
| | ) | Time:   1:30 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| FELIX MOJICA-PERALTA, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO: |
| Defendant. | ) | |
| | ) | (1)    COMPEL DISCOVERY; |
| | ) | (2)    DISMISS INDICTMENT; |
| | ) | (3)    GRANT BILL OF PARTICULARS; |
| | ) | (4)    SUPPRESS STATEMENTS; AND |
| | ) | (5)    GRANT LEAVE TO FILE FURTHER |
| | ) | MOTIONS |
| | ) | |
| | ) | TOGETHER WITH MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES, |
| | ) | STATEMENT OF FACTS AND MOTION |
| | ) | FOR FINGERPRINT EXEMPLARS AND |
| | ) | FOR RECIPROCAL DISCOVERY |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P.

HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney,

hereby files its response and opposition to Defendant's above-referenced motions. This response is

based upon the files and records of this case, together with memorandum of points and authorities. The

Government will ask this Court to issue an order denying the Defendant's Motions and granting the

United States' Motions.

//

//

# I

## STATEMENT OF FACTS

On October 2, 2007, Border Patrol Agent Quillin was patrolling the area of Rattlesnake Ridge south of Old Highway 80, approximately 20 miles east of the Tecate Port of Entry and approximately 2 miles north of the international border.  This area is commonly used by illegal aliens to further their entry into the United States.  At approximately 8:00 a.m., Agent Quillin responded to a seismic intrusion device where he observed fresh footprints for a group of people.  He followed the prints when he encountered a group of six people, one of whom was the Defendant, Felix Mojica-Peralta.

Agent Quillin questioned each person about their citizenship and immigration status.  Each person, including the Defendant, stated that they were Mexican citizens with no documents allowing them to enter the United States.  All individuals were transported to the Campo Border Patrol Station for further processing.

All six individuals were processed at the station.  Record checks revealed that Defendant had a criminal history including a conviction for PC § 261, Rape, from Fresno, California.  Agents were processing many people and did not review Defendant's records until that afternoon.  At approximately 3:20 p.m. that same day, Agent Plasencia, along with Agent Lopez, advised Defendant that his administrative rights no longer applied and read Defendant his <u>Miranda</u> rights.  Defendant acknowledged his <u>Miranda</u> rights and agreed to make a statement.  He said that he was a Mexican citizen who knowingly entered the United States illegally by climbing over the boundary fence earlier that morning.  He stated he was enroute to Fresno, California.  He admitted he had no documents to enter the United States.  He admitted that the criminal and immigration history was in fact his.  The interview was electronically recorded.

# II

## POINTS AND AUTHORITIES

### A.    Discovery Should Not Be Compelled

To date, the Government has delivered 46 pages of discovery and 1 DVD.  The Government recognizes and acknowledges its obligation pursuant to <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.  The Government has

07CR2984-BTM

1    complied and will continue to comply with its discovery obligations going forward.  To date, the

2    Government has received no reciprocal discovery.

3         As to exculpatory information, the United States is aware of its obligations under <u>Brady v.</u>

4    <u>Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and will comply.  The

5    United States will also produce any evidence of bias/motive, impeachment or criminal investigation of

6    any of its witnesses of which it becomes aware.  An inquiry pursuant to <u>United States v. Henthorn</u>, 931

7    F.2d 29 (9th Cir. 1991) will also be conducted.

8         The United States will provide a list of witnesses in its trial memorandum.  The grand jury

9    transcript of any person who will testify at trial will also be produced.

10        The United States has provided information within its possession or control pertaining to the

11   prior criminal history of Defendant.  If the Government intends to offer any evidence under Rule 404(b)

12   of the Federal Rules of Evidence, it will provide notice promptly to the Defendant.

13        The United States will produce any reports of experts that it intends to use in its case-in-chief

14   at trial or such reports as may be material to the preparation of the defense.  The Government also

15   invited defense counsel to make an appointment with Government counsel to view the A file if he so

16   chooses.

17        In view of the above-stated position of the United States concerning discovery, it is respectfully

18   requested that no orders compelling specific discovery by the United States be made at this time.

19   Further, the Government requests that defense counsel specify what discovery he is lacking, if any.

20        **B.    <u>The Indictment Should Not Be Dismissed for Improper Grand Jury Instructions</u>**

21        The Government incorporates by reference the Government's response and opposition regarding

22   this exact issue in <u>United States v. Covarrubias</u>, 07CR0491-BTM, and asks the court to take judicial

23   notice of this court's ruling in that case.

24        **C.    <u>The Court Should Deny the Bill Particulars</u>**

25        Defendant moves this Court to grant a Bill of Particulars.  The purpose of a bill of particulars

26   is: (1) to minimize the danger of surprise at trial; (2) to provide sufficient information on the nature of

27   the charges to allow preparation of a defense; and (3) to protect against double jeopardy.  <u>United States</u>

28   <u>v. Robertson</u>, 15 F.3d 862, 874 (9th Cir. 1994), <u>rev'd other grnds</u>,514 U. S. 669, 115 S. Ct. 1732 (1995),

1  reinstated in part, 73 F.3d 249 (9th Cir. 1996); United States v. Burt, 765 F.2d 1364, 1367 (9th Cir.

2  1985).

3      Generally, an indictment is sufficient if it sets forth the elements of the charged offense as to

4  ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense

5  charged.  United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995).  There is also no need of a bill

6  of particulars because the indictment adequately advised defendant of the charges.  This can be done

7  in a variety of ways and is most generally accomplished in the indictment itself.  United States v.

8  Robertson, supra (bill of particulars appropriately denied where the indictment contained the names of

9  alleged coconspirators, the approximate dates on which the alleged illegal conduct occurred, and the

10  overt acts that comprised the illegal activity).  Accord United States v. DeCesare, 765 F.2d 890, 897-98

11  (9th Cir.), amended on other grounds, 777 F.2d 543 (1985).

12      Providing discovery obviates the need for a bill of particulars.  See, e.g., United States v.

13  Mitchell, 744 F.2d 701, 795 (9th Cir. 1985); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1980)

14  (bill of particulars is unnecessary if indictment is adequate and there is full discovery).  Here, 46 pages

15  of discovery and 1 DVD was produced.  Moreover, Government counsel invited defense counsel to view

16  the A file at a mutually convenient time.  To date, defense counsel has not requested to view the A file.

17      Therefore, defendant's motion for a bill of particulars is unnecessary and should be denied.

18    **D.    The Motion to Suppress Statements for an Alleged**
       **Miranda Violation Should be Denied**

19

20      Defendant contends that all of his statements should be suppressed due to Miranda violations.

21  Defendant statements should be admitted into evidence, without a hearing, as there is nothing to indicate

22  any violation of Defendant's rights.

23        **1.    Field Admissions**

24      Defendant was neither in custody, nor subjected to interrogation by Agent Quillin when he was

25  apprehended in the field.  A custodial interrogation is a prerequisite to the attachment of Miranda rights.

    See Illinois v. Perkins, 496 U.S. 292, 297 (1990) ("It is the premise of Miranda that the danger of
26
    coercion results from the interaction of custody and official interrogation.").  To determine if a suspect
27
    is in custody, a court must assess the objective circumstances of the situation from the prospective of
28
    a reasonable person in the suspect's position.  See Berkemer v. McCarty, 468 U.S. 420, 442 (1984).

07CR2984-BTM

1    United States v. Galindo-Gallegos, 244 F.3d 728 (9th Cir. 2001) is instructive here. In Galindo-

2    Gallegos, border patrol agents stopped several aliens running near, but north of, the border between the

3    United States and Mexico, and questioned them regarding their citizenship. In determining whether

4    custodial interrogation took place, the Court first noted,

5        The material factual circumstances here are that (1) the questioning took place out of
         doors; (2) the location was isolated, away from view by the general public, but there

6        were 15 or 20 aliens and only two law enforcement officials; (3) no one was handcuffed,
         but everyone was required to sit on the ground; (4) the questions were a necessary

7        predicate to letting anyone go free, but were also reasonably likely to elicit incriminating
         admissions by those for whom the facts were incriminating; and (5) the group of aliens

8        had been caught running in an area very near the border, and Galindo-Gallegos had
         persisted in running away from the border patrol but was caught and returned to the

9        group that had been seated on the ground.

10   Galindo-Gallegos, 244 F.3d at 734. Based on these facts, the court upheld the admission of the

11   statements, without Miranda warnings, because those facts showed a sufficiently public apprehension.

12       Here, Agent Quillin found Defendant hiding in some brush in an area near Rattlesnake Ridge.

13   This occurred within a few miles of the border.

14       Even if Defendant was in custody, the mere fact that a defendant is in custody is insufficient to

15   make an incriminating statement inadmissible. See Arizona v. Mauro, 481 U.S. 520, 528-530 (1987);

16   Siripongs v. Calderon, 35 F.3d 1308, 1319 (9th Cir. 1994). "'Interrogation' as conceptualized in the

17   Miranda opinion, must reflect a measure of compulsion above and beyond that inherent in custody

18   itself." Rhode Island v. Innis, 446 U.S. 291, 300 (1980). If a defendant is in custody and there is no

19   coercion or interrogation, then there is no constitutional violation in admitting a statement made by that

20   defendant regardless of the absence of Miranda warnings. See Mauro, 481 U.S. at 528-530; Siripongs,

21   35 F.3d at 1319; Phillips v. Attorney General, 594 F.2d 1288, 1290 (9th Cir. 1979). Notably, statements

22   made in response to routine investigative questions and on-the-scene questions are admissible. See, e.g.,

23   United States v. Leasure, 122 F.3d 837, 840 (9th Cir. 1997) (Miranda warnings not required where

24   Customs inspector at border questioned defendant upon entry into the United States); Vickers v.

25   Stewart,144 F.3d 613, 615 (9th Cir. 1994) (no interrogation when prison guard pulled defendant from

26   scene of the fire and asked what happened). Here, agents asked Defendant his citizenship status. This

27   type of questioning involves routine border related questions and therefore does not amount to

28   interrogation under Miranda. Hence, the statements are admissible.

07CR2984-BTM

### 2.    Post-Miranda Statements

After his arrest, Defendant was advised of his <u>Miranda</u> rights.  Defendant waived those rights, and agreed to questioning.  Defendant made several statements concerning his citizenship and prior removal and deportation.  The requirements of <u>Miranda</u> were satisfied and all of Defendant's statements are admissible against him.

### a.    Standards Governing Admissibility of Statements

A statement made in response to custodial interrogation is admissible under <u>Miranda v. Arizona</u>, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. <u>See</u> <u>Colorado v. Connelly</u>, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and <u>Miranda</u> determinations; valid waiver of <u>Miranda</u> rights should be found in the "absence of police overreaching").  Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity must occur for suppression of any statement.  <u>See id.</u> (noting that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"); <u>cf.</u> <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted).  While it is possible for a defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights (and  misconduct can be inferred based on police knowledge of such condition, <u>Connelly</u>, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice.  <u>See</u> <u>United States v. Kelley</u>, 953 F.2d 562, 564 (9th Cir.1992) (collecting cases rejecting claims of physical/mental impairment as insufficient to prevent exercise of rational choice).

### b.    Standards Governing Grant or Denial of Evidentiary Hearing

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion.

1    See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to

2    suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not

3    required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274

4    (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to

5    require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.  The local

6    rule further provides that "the Court need not grant an evidentiary hearing where either party fails to

7    properly support its motion for opposition."

8         No rights are infringed by the requirement of such a declaration.  Requiring a declaration from

9    a defendant in no way compromises defendant's constitutional rights, as declarations in support of a

10   motion to suppress cannot be used by the United States at trial over a defendant's objection.  See

11   Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to

12   suppress ); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to

13   suppress).  Moreover, Defendant has as much information as the Government in regards to the

14   statements he made.  See Batiste, 868 F.2d at 1092.  At least in the context of motions to suppress

15   statements, which require police misconduct incurred by Defendant while in custody, Defendant

16   certainly should be able to provide the facts supporting the claim of misconduct.  Finally, any objection

17   that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit.  Section 3501 requires

18   only that the Court make a pretrial determination of voluntariness "out of the presence of the jury."

19   Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form

20   of proof on matters for the court in the discretion of the court.  Batiste, 868 F.2d at 1092 ("Whether an

21   evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and

22   quotation marks omitted).

23                        c.    **Adequate Proof to Support Rejection of a Motion to Suppress**

24         The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts

25   attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to

26   adduce specific and material facts.  See Batiste, 868 F.2d at 1092.  Moreover, the Ninth Circuit has held

27   that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress

28   evidence because the defendant did not properly submit a declaration pursuant to a local rule.  See

                                         7                          07CR2984-BTM

United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); see also United States v. Walczak, 783 F. 2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing if the grounds for suppression consist solely of conclusory allegations of illegality. See United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's declaration and points and authorities submitted in support of motion to suppress indicated no contested issues of fact).

As Defendant in this case has failed to provide declarations alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the United States. Moreover, Defendant had an opportunity, in his moving papers, to proffer any facts alleging violations of his rights, but failed to do so. Instead, Defendant merely cited generic Miranda law. Defendant's allegation of a Miranda violation is mere boilerplate language that fails to demonstrate there is a disputed factual issue requiring an evidentiary hearing. See Howell, 231 F.3d at 623.

As such, this Court should deny Defendant's motion to suppress and hold, based on the Statement of Facts attached to the Complaint, that Defendant's statements were voluntarily made.

### 3.     Defendant's Statements were Voluntary

A confession is voluntary if it is the "product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)). A confession is involuntary when "under the totality of circumstances, the government obtained the confession by coercion or improper inducement." United States v. Turner, 926 F.2d 883, 888 (9th Cir.) (quoting United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986)). The crucial question is whether

1   Defendant's will was overborne when he confessed.  See United States v. Miller, 984 F.2d 1028, 1031

2   (9th Cir. 1988).

3        In the present case, there is no evidence to suggest that Defendant's statements were the result

4   of any coercion or improper inducement.  Accordingly, the statements as well as the fruits of the lawful

5   arrest are admissible.

6        **E.    Leave to File Further Motions**

7        The Government does not oppose Defendant's request to file further motions if based on newly

8   produced discovery.

9                                **III**

10                       **UNITED STATES' MOTIONS**

11       **A.    United States' Motion for Reciprocal Discovery**

12            1.    Rule 16(b)

13       Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery

14  and the United States has already voluntarily complied with the requirements of Federal Rule of

15  Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be operable as to

16  Defendant.

17       The United States, pursuant to Rule 16(b), hereby requests that Defendant permit it to inspect,

18  copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make

19  copies of portions thereof, which are within the possession, custody, or control of Defendant and which

20  he intends to introduce as evidence in his case-in-chief at trial.  The United States further requests that

21  it be permitted to inspect and copy or photograph any results or reports of physical or mental

22  examinations and of scientific tests or experiments made in connection with this case, which are in the

23  possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or

24  which were prepared by a witness whom Defendant intends to call as a witness.  The United States also

25  requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that

26  the United States receives the discovery to which it is entitled.

27

28

2.    Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, and/or reports.

**B.    The United States' Motion for Fingerprint Exemplars**

As part of its case, the United States must prove that Defendant was previously removed from the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

07CR2984-BTM

1

## IV

2

## CONCLUSION

3      For the foregoing reasons, the Government respectfully requests that Defendant's motions be

4  denied and request that the Court grant the United States' motions.

5      DATED:   December 5, 2007.

6                                                    Respectfully submitted,

7                                                    KAREN P. HEWITT
                                                     United States Attorney
8

9                                                    s/Alessandra P. Serano
                                                     ALESSANDRA P. SERANO
10                                                   Assistant U.S. Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                    UNITED STATES DISTRICT COURT

3                  SOUTHERN DISTRICT OF CALIFORNIA

4   UNITED STATES OF AMERICA,        )        Case No. 07CR2984-BTM
                                     )
5               Plaintiff,           )
                                     )
6        v.                          )
                                     )        CERTIFICATE OF SERVICE
7   FELIX MOJICA-PERALTA,            )
                                     )
8               Defendant.           )
    _____ )

9
    IT IS HEREBY CERTIFIED THAT:
10
11          I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years
    of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12          I am not a party to the above-entitled action.  I have caused service of Government's  Response
    and Opposition to Defendant's Motions to Dismiss Indictment, Suppress Statements, Compel Discovery,
13  Grant Bill of Particulars and Grant Leave to File Further Motions and the Government's Motions for
    Reciprocal Discovery and Fingerprint Exemplars, on the following parties by electronically filing the
14  foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

15      Robert R. Henssler, Esq.
        Federal Defenders of San Diego, Inc.
16      Email: Robert_Henssler@fd.org

17
        I declare under penalty of perjury that the foregoing is true and correct.
18
        Executed on December 5, 2007.
19
                              s/Alessandra P. Serano_____
20                            ALESSANDRA P. SERANO

21

22

23

24

25

26

27

28

                                                                                07CR2984-BTM