1  KAREN P. HEWITT
   United States Attorney
2  ALESSANDRA P. SERANO
   Assistant U.S. Attorney
3  California State Bar No. 204796
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7084
   Email: alessandra.p.serano@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8
                    UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,      )   Criminal Case No. 07CR2984-BTM
                                   )
12 |          Plaintiff,            )   Date:  March 28, 2008
                                   )   Time:  11:30 a.m.
13 |     v.                         )
                                   )   GOVERNMENT'S RESPONSE AND
14 | FELIX MOJICA-PERALTA,          )   OPPOSITION TO DEFENDANT'S
                                   )   MOTIONS TO:
15 |          Defendant.            )
                                   )   (1)    SUPPRESS STATEMENTS
16                                  )
                                   )
17                                  )
                                   )
18                                  )   TOGETHER WITH MEMORANDUM OF
                                   )   POINTS AND AUTHORITIES AND
19                                  )   STATEMENT OF FACTS
                                   )
20 |_____)

21
        The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P.
22
   HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney,
23
   hereby files its response and opposition to Defendant's above-referenced motions. This response is
24
   based upon the files and records of this case, together with memorandum of points and authorities.
25
   //
26
   //
27
   //
28
   //

**I**

**STATEMENT OF FACTS**

On October 2, 2007, Border Patrol Agent Quillin was patrolling the area of Rattlesnake Ridge south of Old Highway 80, approximately 20 miles east of the Tecate Port of Entry and approximately 2 miles north of the international border. This area is commonly used by illegal aliens to further their entry into the United States. At approximately 8:00 a.m., Agent Quillin responded to a seismic intrusion device where he observed fresh footprints for a group of people. He followed the prints when he encountered a group of six people, one of whom was the Defendant, Felix Mojica-Peralta.

Agent Quillin questioned each person about their citizenship and immigration status. Each person, including the Defendant, stated that they were Mexican citizens with no documents allowing them to enter the United States. All individuals were transported to the Campo Border Patrol Station for further processing.

All six individuals were processed at the station. Record checks revealed that Defendant had a criminal history including a conviction for PC §261, Rape, from Fresno, California. Agents were processing many people and did not review Defendant's records until that afternoon. At approximately 3:20 p.m. that same day, Agent Plasencia along with Agent Lopez advised Defendant that his administrative rights no longer applied and read Defendant his <u>Miranda</u> rights. Defendant acknowledged his <u>Miranda</u> rights and agreed to make a statement. He said that he was a Mexican citizen who knowingly entered the United States illegally by climbing over the boundary fence earlier that morning. He stated he was enroute to Fresno, California. He admitted he had no documents to enter the United States. He admitted that his criminal and immigration history was in fact his. The interview was electronically recorded.

**II**

**POINTS AND AUTHORITIES**

**A.** **<u>The Motion to Suppress Statements for an Alleged Miranda Violation Should be Denied</u>**

In his motion, Defendant first claims that he did not knowingly or intelligently waive his <u>Miranda</u> rights. <u>See</u> Defendant's Motion at 3. He then claims that he did not execute a written waiver

of rights form. See Defendant's Motion at 6. Lastly, it appears he requests a voluntariness hearing under 18 U.S.C. §3501. See Defendant's Motion at 6-7. Each claim will be discussed below.

The Government does not contest the need for the Court to conduct a voluntariness hearing under §3501, which is currently scheduled for April 1 at 9:00 a.m.. However, without any indication as to the basis of the motion to suppress statements much less a declaration articulating facts supporting such a motion as required by Ninth Circuit case law and local rule, the Government is unclear as to what exactly the Defendant claims was a violation. Instead, his motion merely cites boilerplate case law on voluntariness and waiver and fails to articulate ANY facts related to this case to give sufficient notice as to what the basis of his legal claims. Without more, the Government requests that the Court conduct only a voluntariness hearing.

### 1.  Post-Miranda Statements

At the time of his arrest, Defendant was advised of his Miranda rights in Spanish. Defendant waived those rights, and agreed to questioning. Defendant made several statements concerning his citizenship and prior removal and deportation. The entire interview was recorded and produced in discovery.

Moreover, Defendant **did** execute a written waiver of rights form contrary to Defendant's motion indicating otherwise. The executed form was produced to counsel (pages 6-7 of discovery). Query why counsel claims that no such written waiver was produced when one need only turn to page 6 of the discovery to see a signed sworn statement complete with Miranda warnings.

### a.  Standards Governing Admissibility of Statements

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. See Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity must occur for suppression of any statement. See id. (noting that "coercive police activity is a necessary predicate

1  to the finding that a confession is not 'voluntary'"); cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226
2  (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of
3  education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the
4  length of detention; the repeated and prolonged nature of the questioning; and the use of physical
5  punishment such as the deprivation of food or sleep.") (citations omitted).  While it is possible for a
6  defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights
7  (and  misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at
8  167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational
9  choice.  See United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992) (collecting cases rejecting claims
10 of physical/mental impairment as insufficient to prevent exercise of rational choice).

      **b.**  **Standards Governing Grant or Denial of Evidentiary Hearing**

12   Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal
13 Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when
14 the defendant adduces specific facts sufficient to require the granting of the defendant's motion.
15 See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to
16 suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not
17 required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274
18 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to
19 require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.  The local
20 rule further provides that "the Court need not grant an evidentiary hearing where either party fails to
21 properly support its motion for opposition."

22   No rights are infringed by the requirement of such a declaration.  Requiring a declaration from
23 a defendant in no way compromises defendant's constitutional rights, as declarations in support of a
24 motion to suppress cannot be used by the United States at trial over a defendant's objection.  See
25 Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to
26 suppress ); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to
27 suppress).  Moreover, Defendant has as much information as the Government in regards to the
28 statements he made.  See Batiste, 868 F.2d at 1092.  At least in the context of motions to suppress

1  statements, which require police misconduct incurred by Defendant while in custody, Defendant
2  certainly should be able to provide the facts supporting the claim of misconduct. Finally, any objection
3  that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires
4  only that the Court make a pretrial determination of voluntariness "out of the presence of the jury."
5  Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form
6  of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an
7  evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and
8  quotation marks omitted).

          **c.**        **Adequate Proof to Support Rejection of a Motion to Suppress**

10       The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts
11 attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to
12 adduce specific and material facts. See Batiste, 868 F.2d at 1092. Moreover, the Ninth Circuit has held
13 that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress
14 evidence because the defendant did not properly submit a declaration pursuant to a local rule. See
15 United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616,
16 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the
17 moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court
18 to conclude that contested issues of fact exist."); see also United States v. Walczak, 783 F. 2d 852, 857
19 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving
20 papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact
21 exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing
22 if the grounds for suppression consist solely of conclusory allegations of illegality. See
23 United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson
24 did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's
25 declaration and points and authorities submitted in support of motion to suppress indicated no contested
26 issues of fact).
27       As Defendant in this case has failed to provide declarations alleging specific and material facts,
28 the Court would be within its discretion to deny Defendant's motion based solely on the statement of

facts attached to the complaint in this case, without any further showing by the United States. Moreover, Defendant had an opportunity, in his moving papers, to proffer any facts alleging violations of his rights, but failed to do so. Instead, Defendant merely cited generic Miranda law. Defendant's allegation of a Miranda violation is mere boilerplate language that fails to demonstrate there is a disputed factual issue requiring an evidentiary hearing. See Howell, 231 F.3d at 623.

As such, this Court should deny Defendant's motion to suppress and hold, based on the Statement of Facts attached to the Complaint, that Defendant's statements were voluntarily made.

**2.     Defendant's Statements were Voluntary**

A confession is voluntary if it is the "product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)). A confession is involuntary when "under the totality of circumstances, the government obtained the confession by coercion or improper inducement." United States v. Turner, 926 F.2d 883, 888 (9th Cir.) (quoting United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986)). The crucial question is whether Defendant's will was overborne when he confessed. See United States v. Miller, 984 F.2d 1028, 1031 (9th Cir. 1988).

In the present case, there is no evidence to suggest that Defendant's statements were the result of any coercion or improper inducement. Accordingly, the statements as well as the fruits of the lawful arrest are admissible.

**3.     Need for a Hearing**

The Government will lodge a copy of the post-Miranda interview[1] with the Court in order for the Court to evaluate whether the statements were made voluntarily. In addition, the Government requests that any such voluntariness hearing be conducted the morning of trial as scheduled.

---

[1] The Defendant's statements are in Spanish.

## III

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motion to suppress be denied, but to conduct only a voluntariness hearing the morning of trial.

DATED: March 20, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        /s/ Alessandra P. Serano

                                        ALESSANDRA P. SERANO
                                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 07CR2984-BTM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| FELIX MOJICA-PERALTA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motion to Suppress Evidence, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian de Olivas, Esq.

Email: christian@deolivaslaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 20, 2008

                                                          s/Alessandra P. Serano
                                                        ALESSANDRA P. SERANO