KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7084
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FELIX MOJICA-PERALTA,<br><br>　　　　　Defendant. | Criminal Case No. 07CR2984-BTM<br><br>Date:　March 28, 2008<br>Time:　11:30 a.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE<br><br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES AND STATEMENT OF FACTS |

　　　　The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant United States Attorney, hereby files its response and opposition to Defendant's above-referenced motions in limine. This response is based upon the files and records of this case, together with memorandum of points and authorities.

//

//

//

//

**I**

**STATEMENT OF FACTS**

On October 2, 2007, Border Patrol Agent Quillin was patrolling the area of Rattlesnake Ridge south of Old Highway 80, approximately 20 miles east of the Tecate Port of Entry and approximately 2 miles north of the international border. This area is commonly used by illegal aliens to further their entry into the United States. At approximately 8:00 a.m., Agent Quillin responded to a seismic intrusion device where he observed fresh footprints for a group of people. He followed the prints when he encountered a group of six people, one of whom was the Defendant, Felix Mojica-Peralta.

Agent Quillin questioned each person about their citizenship and immigration status. Each person, including the Defendant, stated that they were Mexican citizens with no documents allowing them to enter the United States. All individuals were transported to the Campo Border Patrol Station for further processing.

All six individuals were processed at the station. Record checks revealed that Defendant had a criminal history including a conviction for PC §261, Rape, from Fresno, California. Agents were processing many people and did not review Defendant's records until that afternoon. At approximately 3:20 p.m. that same day, Agent Plasencia along with Agent Lopez advised Defendant that his administrative rights no longer applied and read Defendant his <u>Miranda</u> rights. Defendant acknowledged his <u>Miranda</u> rights and agreed to make a statement. He said that he was a Mexican citizen who knowingly entered the United States illegally by climbing over the boundary fence earlier that morning. He stated he was enroute to Fresno, California. He admitted he had no documents to enter the United States. He admitted that his criminal and immigration history was in fact his. The interview was electronically recorded.

# II

## POINTS AND AUTHORITIES

**A.    404(b) Evidence**[1]

The Government does not intend to introduce any Rule 404(b) evidence. The Court should deny the motion as moot.

**B.    Sentencing Enhancement under 18 U.S.C. §924**

Defendant moves to prohibit a sentencing unde 18 U.S.C. §924(e) commonly referred to as the armed career criminal statute. Curiously, the Defendant in this case has not been charged with that provision much less any federal violations involving firearms. A brief review of the case file reveals that Defendant is only charged with a violation of 8 U.S.C. § 1326, being a deported alien found in the United States.[2] It is not entirely clear why Defendant seeks to escape the provisions of 18 U.S.C. §924(e). But, since it appears to be wholly inapplicable to this case, the United States will whole-heartedly join in this motion.

**C.    Border Patrol Agents Presence in Court**

Defendant moves to require the presence of various United States Border Patrol agents at trial to "see if they violated any of [Defendant's] Constitutional Rights." See Defendant's Motions in Limine at page 9. This blanket accusatory insinuation lacks any foundation much less any specificity of facts to support such a statement.[3]

Counsel appears to request that the Government's agents should be present in court while each is testifying. While the Government does not object to this request in theory, it appears that defense counsel completely misinterprets the purpose and intent of Rule 615. This writer believes it would be

---

[1]    Defendant's motion mistakenly lists this motion to "disallow 609 evidence regarding other crimes" on the notice of motion.

[2]    While the Defendant was found in the United States on or about the date alleged in the indictment, he was not found in the United States with a firearm.

[3]    If counsel is aware of any constitutional rights violations, the Government invites counsel to provide a sworn declaration of such allegations so the Government can properly investigate.

more appropriate to have all witnesses remain outside the courtroom while another is testifying to avoid any inappropriate accusations that the witnesses were biased.

### III
### **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motions in limine be denied except where unopposed.

DATED:   March 20, 2008

                         Respectfully submitted,

                         KAREN P. HEWITT
                         United States Attorney

                         /s/ Alessandra P. Serano

                         ALESSANDRA P. SERANO
                         Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR2984-BTM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| FELIX MOJICA-PERALTA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions in Limine, on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian de Olivas, Esq.

Email: christian@deolivaslaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 20, 2008

                                                s/Alessandra P. Serano
                                              ALESSANDRA P. SERANO