1  **CHRISTIAN DE OLIVAS**
2  CALBARNO. 249698
   **DE OLIVAS LAW FIRM, APLC**
3  200 N Bradford Ave., Suite L
4  Placentia, CA 92870
   Telephone:  (714) 646-3314
5  Facsimile:   (714) 646-3721
6
   Attorney for Defendant
7  FELIX MOJICA-PERALTA
8
9                        **UNITED STATES DISTRICT COURT**
10
                         **SOUTHERN DISTRICT OF CALIFORNIA**
11
12                       **(HONORABLE BARRY TED MOSKOWITZ**

13 | UNITED STATES OF AMERICA, | CASE No.: 07CR03021-QWH-1 |
14 | | |
15 | Plaintiff, | DATE:         03/17/08<br>TIME:         02:00 PM |
16 | vs. | JUDGE:        WILLIAM Q HAYES<br>COURTROOM:  4 |
17 | FELIX MOJICA-PERALTA, | |
18 | | |
19 | Defendant | **NOTICE OF MOTION;**<br>**FELIX MOJICA-PERALTA'S MOTIONS** |
20 | | **IN LIMINE TO:** |
21 | | **(a) Disallow 609 Evidence Regarding Other Crimes;** |
22 | | **(b) Allow Reference to Punishment Enhancement;** |
23 | | **(c) Allow U.S. Border Patrol Agents to Testify at Trial** |

Motions in Limine - 1 -                                07CR032984-BTM-1

# MOTIONS IN LIMINE

## BACKGROUND

FELIX MOJICA-PERALTA is charged in an indictment with violating 8 USC 1326, Deported Alien Found in the Unitred States. The indictment charges that FELIX MOJICA-PERALTA was previously removed ON September 28, 2007 .

## I.

## MOTIONS IN LIMINE

### A. MOTION IN LIMINE RE: OTHER CRIMES AND BAD ACTS

*1. The conduct sought to be proven in other acts exceeds the limits set for purposes for which evidence of other crimes, wrongs, or acts may be admitted.*

The Government has not yet stated what its evidence will consist of. However if the Government seeks to introduce of other crimes with FELIX MOJICA-PERALTA committed, the court must scrutinize severely such evidence sought to be introduced due to its ability to unduly prejudice the FELIX MIJICA-PERALTA.

If the Government introduces evidence of any transactions other than those which are the subject of the indictment in order to show pattern of conduct the defendant must be permitted to show transactions with the public over that period of time in order to refute the pattern of conduct the Government is alleging. This would lengthen the trial substantially. Additionally the defendant is

not charged with any crime involving any other crimes. The crime charged is specific to the crime that appears in the indictment.

The Court must be extremely careful to guard against the danger that a defendant will be convicted because of proof of other offenses rather than because he government has introduced evidence sufficient to prove beyond a reasonable doubt that the defendant is actually guilty of the offense for which he is being tried.

Such evidence must be narrowly circumscribed and limited. The criminal conduct must in some cases be similar to the offense charged; and the conduct must be introduced to prove an element of the charged offense that is a material issue in the case and the defendant has to be connected to it. Otherwise minitrials as to each other criminal transaction will occur. Even if a proffered item of evidence can be pigeon-holed in a category, it must nonetheless be relevant to establish an element of the offense that is a material issue. While proof of other conduct may or may not be relevant with regard to relevant conduct, which would be argued in a subsequent proceeding, the evidence must clearly show that the defendant was aware of the other offenses and actively sought to bring about its ultimate purpose.

*2. Even if other acts are relevant, they should be excluded as the prejudice resulting from them outweighs their probative value.*

Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice (or) confusion of the issues." This balancing is mandated under the 9th Circuit's 404(b) analysis:

> Once the prerequisites have been satisfied, the evidence is admissible for those purposes permitted by 404(b) if the court determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Bailleaux, 685 F. 2d at 1110.

In undertaking the balancing analysis, "the trial court" should also consider the need for evidence of prior criminal conduct to prove a particular point. id at 1112 (citations omitted). Thus, the evidence should not be admitted unless there is an identifiable need for it.

Taking into account the potential for unfair prejudice and the lack of any need for this evidence the court should exclude any Rule 404(b) evidence. Even if any of the previously discussed acts are somehow marginally relevant to the instant charge, the evidence should nonetheless be excluded as admission of these incidents would tend to unfairly prejudice the jury against FELIX MOJICA-PERALTA. United States v. Shackleford, 738 F.2d 776 (7th Cir. 1984) citing 2 J. Weinstein and M. Burger, supra, paragraph 404(16) at 404-93 footnotes omitted,

said a defendant cannot be identified as the perpetrator of the charged acts simply because he has at other times committed the same commonplace variety of criminal acts except by reference to the forbidden inference of propensity. The question for the court is whether the characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose of proof."

The Government must come forward and meet its burden of proof and show the reliability of this "evidence" before the court can make an appropriate evaluation. Once it does, FELIX MOJICA-PERALTA is satisfied that it will fail in its effort. FELIX MOJICA-PERALTA wishes to be tried on the facts of this case and not on other uncharged "events" that lack credibility, proof, reliability, and inherent relevance. The stakes are far too high to permit anything less. Without such "evidence" the Government may have a far more difficult time in proving its case, and that is why it are seeking to bolster its allegations.

The Ninth Circuit Court of Appeals has recently re-affirmed that other acts evidence is disfavored because "the defendant must be tried for what he did, not for who he (or she) is. Thus guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." United States v. Mayans, 17 F. 3d 1174 (9th Cir. 1994).

*3. Based upon the foregoing, FELIX MOJICA-PERALTA respectfully requests this honorable court to enter an order precluding the Government from offering evidence of any other criminal convictions an/or transactions other than those charged in the indictment.*

**B. MOTION IN LIMINE RE: SENTENCING ENHANCEMENT**

*1. It is unconstitutional for this court to apply 18 U.S.C. §924(e) to FELIX MOJICA-PERALTA as the same is a factual assessment, which increases FELIX MOJICA-PERALTA's sentence and therefore may only be decided by a jury upon evidence established by proof beyond a reasonable doubt.*

FELIX MOJICA-PERALTA contends the facts surrounding his prior conviction do not establish that he has the requisite number of the predicate conviction to trigger section 924(e)(1). Further, FELIX MOJICA-PERALTA contends that this factual determination, because it doubles the penalty of the instant offense, must be submitted to a jury and proved beyond a reasonable doubt.

FELIX MOJICA-PERALTA acknowledges that this issue appears to have been resolved against him by the United States Supreme Court in Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998). Nevertheless, FELIX MOJICA-PERALTA raises the issue because Almendarez-Torres was decided by a five-to four majority and recent opinions by a member of that majority and by a majority

of the Supreme Court indicate that Almendarez-Torres was incorrectly decided. See, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).

The factual determination of whether a prior felony conviction qualifies as either a "serious drug offense" or a "violent felony," as those terms are defined in 18 U.S.C. §§924(e)(2)(A) and (e)(2)(B), respectively, is an element of the offense of ossession of ammunition by a convicted felon in violation of 18 U.S.C. §922(g). The indictment, therefore, must allege as an element of the offense the one prior, predicate felony conviction.

*2. An indictment must contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend. Hamling v. United States, 418 U.S. 87, 117 (1974).*

Rule 7 of the Federal Rules of Criminal Procedure echoes this condition in its requirement that the indictment be a "plain, concise and definite written statement with the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court has recognized the indictment's role in warning a defendant of facts that may enhance his punishment upon conviction. See, e.g., Jones v. United States, 526 U.S. 227 (1999).

On June 26, 2000, the Supreme Court issued its decision in Apprendi, which addressed the constitutionality of an enhanced prison sentence under New Jersey's "hate crime" sentencing enhancement statute when a jury had not found

the operative "sentencing fact" beyond a reasonable doubt and, instead, the trial court simply had found the operative fact by a preponderance of the evidence at the sentencing hearing. The Supreme Court held that Apprendi's enhanced sentence was unconstitutional. In the course of the Court's reasoning in Apprendi, the Court stated that "it is arguable that Almendarez-Torres was incorrectly decided." Apprendi.  In light of the majority's and Justice Thomas's opinions in Apprendi, FELIX MOJICA-PERALTA position is legally correct.

*3. Accordingly, this court should heed the Supreme Court's suggestion and limit Almendarez-Torres to its facts and demand that the Government prove the enhancement element beyond a reasonable doubt.*

### C. MOTION IN LIMINE RE: US BORDER PATROL AGENTS

*1. Under Rule 615 of the Federal Rules of Evidence, "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial.*

These agents in the present matter were critical in moving the investigation forward and up to this point given that they were the agents who arrested Mr. MOJICA-PERALTA and had contacted with Mr. MOJICA-PERALTA at the time of his detention and/or arrest in U.S. Territory. These agents were the first ones that witnessed Mr. MOJICA-PERALTA's presence in the United States, and as such,

must be brought to this Court to see if they violated any of FELIX MOJICA-PERALTA's Constitutional Rights.

## II.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully asks that the Court grant the Defendant's motions.

**DATED**:  March 16, 08          **SIGNED**:  *s/ Christian De Olivas*

                                                  CHRISTIAN DE OLIVAS

                                                  ATTORNEY FOR DEFENDANT
                                                  FELIX MOJICA-PERALTA

# CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED THAT**:

1. I, CHRISTIAN DE OLIVAS, am a citizen of the United States and am at least eighteen years of age. My business address is 200 N. Bradford Ave., Ste L, Placentia, California 92870.

2. I am not a party to the above-entitled action. I have caused service of the following documents: **Notice of Motions; Motions in Limine** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

   a. Assistant United States' Attorney

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2008

**DATED**:   March 16, 2008        **SIGNED**:   s/ *Christian De Olivas*

CHRISTIAN DE OLIVAS

ATTORNEY FOR DEFENDANT
FELIX MOJICA-PERALTA